UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRANDON NEIL RUDOLPH,

          Plaintiff,

v.

PIERCE COUNTY, *et al.*,

          Defendants.

Case No. C23-5856-BHS-SKV

ORDER CONDITIONALLY GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*

    This is a civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff Brandon Rudolph is currently confined at the Pierce County Jail ("the Jail") in Tacoma, Washington.  On September 20, 2023, Plaintiff submitted to this Court for filing a proposed prisoner civil rights complaint and an application to proceed with this action *in forma pauperis* ("IFP").  *See* Dkt. 1.  However, Plaintiff failed to submit with his IFP application the prison trust account statement required by 28 U.S.C. §1915(a)(2).  Thus, on September 21, 2023, the Clerk sent Plaintiff a letter advising him that his IFP application was deficient and that he would need to correct the deficiency not later than October 23, 2023, or face dismissal of this action.  Dkt. 2.  On September 28, 2023, the Court received a letter from Plaintiff in which he requests that he be granted additional time to submit his trust account statement.  Dkt. 3.  Plaintiff explains in his

ORDER CONDITIONALLY GRANTING APPLICATION
TO PROCEED *IN FORMA PAUPERIS* - 1

letter that the Jail has started to refuse prisoners access to their trust account statements when they used to be able to get them for 15-cents per page. *Id*.

The Court has heard from numerous Pierce County Jail inmates in recent months about difficulties they have had obtaining prison trust account statements from Jail officials, which has resulted in delays in processing the inmates' cases. Given the difficulty the Plaintiff here has experienced in obtaining a trust account statement from Jail officials, and given the Court's concern that Plaintiff may be unable to correct his IFP deficiency in a reasonable amount of time in light of the apparently onerous process inmates must now navigate in order to obtain such statements, the Court deems it appropriate to conditionally grant Plaintiff's application to proceed *in forma pauperis* rather than grant the requested extension.

Based on the foregoing, the Court, hereby ORDERS as follows:

(1) Plaintiff's application to proceed IFP (Dkt. 1) is conditionally GRANTED as Plaintiff's declaration indicates that he is unable to afford the Court's filing fee or give security therefore. As set forth below, an initial partial filing fee will be collected, and Plaintiff is thereafter required to make monthly payments of 20 percent of the preceding month's income credited to his account until the full amount of the filing fee is satisfied.

Pursuant to 28 U.S.C. § 1915, and Plaintiff's approved application to proceed *in forma pauperis*, the agency having custody of the above-named Plaintiff is directed to calculate an initial partial filing fee equal to 20 percent of the greater of either: (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the date of this Order. The initial partial filing fee should be forwarded to the Clerk of Court as soon as practicable.

ORDER CONDITIONALLY GRANTING APPLICATION
TO PROCEED *IN FORMA PAUPERIS* - 2

Subsequently, if the prisoner's account exceeds $10.00, each month the agency having custody of the prisoner is directed to collect and forward payments equal to 20 percent of the prisoner's preceding month's income credited to the prisoner's account. In the event that the monthly payment would reduce the prisoner's account below $10.00, the agency should collect and forward only that amount which would reduce the prisoner's account to the $10.00 level. Please note that this $10.00 limit does not apply to the initial partial filing fee described above. Finally, the monthly payments should be collected and forwarded to the Court until the entire filing fee ($350.00) for this matter has been paid.

(2) Plaintiff's request for an extension of time to submit his trust account statement (Dkt. 3 ) is STRICKEN as moot. Plaintiff should continue to pursue efforts to obtain his trust account statement and he should submit the statement to the Court as soon as he is able to do so. Failure to submit the statement during the course of this litigation may result in revocation of Plaintiff's IFP status.

(3) The Clerk is directed to send copies of this Order to Plaintiff, to the financial officer of this Court, to the agency having custody of Plaintiff, and to the Honorable Benjamin H. Settle.

DATED this 18th day of October, 2023.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER CONDITIONALLY GRANTING APPLICATION
TO PROCEED *IN FORMA PAUPERIS* - 3